IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. VALVERDE

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

PAUL A. VALVERDE, APPELLANT.

Filed November 3, 2020.    No. A-19-762.

Appeal from the District Court for Sarpy County: GEORGE A. THOMPSON, Judge. Affirmed.

Gregory A. Pivovar for appellant.

Douglas J. Peterson, Attorney General, and Erin E. Tangeman for appellee.

BISHOP, ARTERBURN, and WELCH, Judges.

BISHOP, Judge.

## I. INTRODUCTION

Paul A. Valverde appeals from the order of the Sarpy County District Court denying his second motion for postconviction relief without an evidentiary hearing. We affirm.

## II. BACKGROUND

### 1. TRIAL AND DIRECT APPEAL

In 2012, following a jury trial, Valverde was convicted of two counts of third degree sexual assault of a child, second offense; four counts of child abuse; and three counts of first degree sexual assault of a child, second offense. The convictions related to acts committed against H.L. (his daughter) and B.V. (his nephew) during periods of time between June 1, 2008, and December 10, 2010. Valverde was sentenced to terms of incarceration. In his direct appeal, Valverde assigned error to: the procedures used by the district court in receiving evidence under Neb. Rev. Stat.

- 1 -

§ 27-414 (Cum. Supp. 2012) (evidence of similar crimes in sexual assault cases); the court's failure to grant a mistrial; and the court's giving of certain jury instructions and refusal of others. The Nebraska Supreme Court affirmed the judgment of the district court. See *State v. Valverde*, 286 Neb. 280, 835 N.W.2d 732 (2013) (*Valverde I*). The Supreme Court's mandate issued on September 13, 2013. Valverde was represented by the same public defender's office at trial and on direct appeal.

## 2. FIRST MOTION FOR POSTCONVICTION RELIEF

In July 2014, Valverde filed a verified motion for postconviction relief asserting that his constitutional right to a fair trial was violated when the district court admitted evidence in violation of § 27-414 and when the court allowed a police detective to remain in the courtroom during the trial despite a sequestration order; that his appellate counsel was ineffective for failing to raise the sequestration issue on direct appeal; that his right to due process was violated when the State retaliated and vindictively "left his life sentence in place" after he deposed the victim; that he received ineffective assistance of counsel at trial and on direct appeal due to the failure to address the issue of vindictive prosecution; that the evidence at trial was insufficient to establish the specific dates that the alleged offenses occurred; and that he received ineffective assistance of counsel at trial and on direct appeal due to the failure to challenge the sufficiency of the evidence to support his convictions. Valverde asked the district court to grant him an evidentiary hearing and to appoint him counsel. The Sarpy County District Court denied Valverde's request for the appointment of counsel and denied his motion for postconviction relief without an evidentiary hearing. Valverde, pro se, appealed to this court and we affirmed the denial of postconviction relief without an evidentiary hearing. See *State v. Valverde*, No. A-14-1121, 2016 WL 152847 (Neb. App. Jan. 12, 2016) (selected for posting to court website) (*Valverde II*). This court's mandate issued on March 3, 2016.

## 3. CURRENT PROCEEDINGS -- SECOND MOTION
## FOR POSTCONVICTION RELIEF

On March 9, 2016, Valverde, pro se, filed a "Secondary Motion for Post Conviction Relief" claiming newly discovered evidence was made available on November 20, 2015. Valverde asserted that "the original suspect, Steve Cain [H.L.'s mother's boyfriend] and [H.L.'s] mother" had both been convicted of sexually abusing H.L. Valverde claimed "this new information changes the outcome" of his case and revealed "facts relevant to [his] innocents [sic]." Valverde contended that the "testimonies given by deposition and/or at [his] trial" from H.L., H.L.'s mother, and Cain, "must be considered tainted and inadmissible against [Valverde] because of the recent conviction[s]" of Cain and H.L.'s mother, "who influenced and mentally coerc[ed]" H.L. to "bring claims falsely against [Valverde]." Valverde also claimed that in light of the convictions of Cain and H.L.'s mother, "The Fourteenth Amendment violation of the malicious pursuit of [Valverde] by Officer . . . Miller, must be re-examined and scrutinized" because "[h]e had knowledge of evidence and leads that produced" other suspects. Finally, Valverde claimed, "[i]n light of the convictions of . . . Cain and H.L.'s mother[,] the existence of reasonable doubt to the quality control of the lab and DNA analysis, and the probability of tainted and/or planted evidence against [Valverde]."

In April 2016, the State responded by asserting that no evidentiary hearing was required because Valverde's alleged claims were either procedurally barred and/or failed to allege facts which would show that he was entitled to relief. According to the State,

> In the instant case, H.L. has never recanted what [Valverde] did to her and that is not alleged by [Valverde] in his motion. Although she now claims that . . . Cain also molested her, those predicate facts were known prior to trial and H.L. was cross-examined on the issue of whether . . . Cain had molested her. Whether it turns out now that H.L. was in fact molested by . . . Cain does not mean [Valverde] was denied a fair trial.

As to Valverde's remaining two claims--malicious pursuit and the DNA evidence--the State contended that such claims were procedurally barred because they were not raised on direct appeal.

As of May 2016, Valverde was represented by counsel in the current postconviction proceedings.

In its opinion and order entered on December 9, 2018, the district court denied Valverde's second motion for postconviction relief without an evidentiary hearing. The district court found that even if H.L.'s credibility became questionable after the trial, it did not present a constitutional claim amenable to postconviction relief. As to Valverde's claims of malicious pursuit and reasonable doubt regarding the DNA evidence, the court found that such claims were procedurally barred because they could have been raised in Valverde's first motion for postconviction relief and were filed in excess of the 1-year limitation for postconviction relief. The court also found that the latter two claims were merely conclusions of fact or law. Finding Valverde's claims either failed to raise an issue amenable to postconviction relief or were procedurally barred, the court denied his second motion for postconviction relief without an evidentiary hearing.

On August 1, 2019, the district court granted Valverde's motion to reinstate appeal, finding that the clerk of the district court failed to send Valverde's counsel of record a copy of the December 9, 2018, order dismissing the second motion for postconviction relief. Having reinstated Valverde's right to appeal the December 9 ruling, the court gave Valverde 30 days to file such appeal.

Valverde thereafter timely filed a notice of appeal.

## III. ASSIGNMENTS OF ERROR

Valverde assigns that the district court erred in (1) ruling that he should not be granted an evidentiary hearing on newly discovered evidence and (2) finding that his second and third grounds for postconviction "were time barred and ignoring their significance as a result of the newly discovered evidence."

## IV. STANDARD OF REVIEW

In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Hessler*, 305 Neb. 451, 940 N.W.2d 836 (2020).

Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law which is reviewed independently of the lower court's ruling. *Id*.

V. ANALYSIS

Valverde contends that the district court erred in overruling his second motion for postconviction relief without an evidentiary hearing.

### 1. PRINCIPLES OF LAW REGARDING POSTCONVICTION RELIEF

Postconviction relief is available to a prisoner in custody under sentence who seeks to be released on the ground that there was a denial or infringement of his or her constitutional rights such that the judgment was void or voidable. *State v. Newman*, 300 Neb. 770, 916 N.W.2d 393 (2018). In a motion for postconviction relief, the defendant must allege facts which, if proved, constitute a denial or violation of his or her rights under the U.S. or Nebraska Constitution, causing the judgment against the defendant to be void or voidable. *State v. Newman, supra*. In the absence of alleged facts that would render the judgment void or voidable, the proper course is to overrule the motion for postconviction relief without an evidentiary hearing. *State v. Allen*, 301 Neb. 560, 919 N.W.2d 500 (2018).

A trial court must grant an evidentiary hearing to resolve the claims in a postconviction motion when the motion contains factual allegations which, if proved, constitute an infringement of the defendant's rights under the Nebraska or federal Constitution. *State v. Newman, supra*. If a postconviction motion alleges only conclusions of fact or law, or if the records and files in a case affirmatively show the defendant is entitled to no relief, the court is not required to grant an evidentiary hearing. *Id*. Thus, in a postconviction proceeding, an evidentiary hearing is not required (1) when the motion does not contain factual allegations which, if proved, constitute an infringement of the movant's constitutional rights; (2) when the motion alleges only conclusions of fact or law; or (3) when the records and files affirmatively show that the defendant is entitled to no relief. *Id*.

A defendant is entitled to bring a second proceeding for postconviction relief only if the grounds relied upon did not exist at the time the first motion was filed. *State v. Jackson*, 296 Neb. 31, 892 N.W.2d 67 (2017). The Nebraska Supreme Court has recognized two circumstances which provide a new ground for relief constituting an exception to this procedural bar: (1) where the defendant brings a motion for postconviction relief based on ineffective assistance of trial or direct appeal counsel which could not have been raised earlier and (2) where the defendant brings a successive motion for postconviction relief based on newly discovered evidence that was not available at the time the prior motion was filed. *Id*.

### 2. VALVERDE'S CLAIMS

#### (a) Newly Discovered Evidence

Valverde's second motion for postconviction relief alleges newly discovered evidence. Additionally, he claims that his second motion for postconviction relief was not time barred because the date of the newly discovered evidence was November 20, 2015, and he filed his motion on March 9, 2016, which was within the applicable 1-year time limit. See Neb. Rev. Stat. § 29-3001(4)(b) (Reissue 2016) (1-year limitation period for filing of verified motion for postconviction relief runs from date on which factual predicate of constitutional claim or claims alleged could have been discovered through exercise of due diligence).

Valverde claims the district court should have granted him an evidentiary hearing because the new evidence, e.g., the subsequent convictions of Cain and H.L.'s mother for sexually abusing H.L., call into question the credibility of H.L's testimony at Valverde's trial. Valverde acknowledges that H.L. "has not recanted." Brief for appellant at 19. However, he claims that Cain, "the real perpetrator" pled guilty to having sexually assaulted H.L. during the period when Valverde was convicted of sexually assaulting H.L. *Id*. Therefore, the newly discovered evidence "is the fact that [Cain,] the man originally accused by [H.L.] of having sexually perpetrated the crime actually took responsibility to having perpetrated the crime with the help of the victim's mother, who also pled guilty to the assault." *Id*. Valverde contends he "deserves the opportunity of being afforded an evidentiary hearing and the right to examine [H.L.] to see if she will admit now that . . . the prior accusations for which [Valverde] was convicted, were concocted." *Id*. at 20.

The State contends that "[t]he mere fact that Cain was convicted of sexually assaulting H.L. does not mean that Valverde did not also sexually assault H.L." Brief for appellee at 11. "H.L. resided with Valverde during a period of time and Cain during other time periods, and thus, both Valverde and Cain had the opportunity to assault H.L. at different times." *Id*. at 11-12. At Valverde's trial, the jury was made aware that H.L. had also made sexual assault allegations against Cain in December 2009, but H.L. also testified that she made up those allegations. According to the State, "Because of the facts of this case, the only relevance Cain's conviction could have for Valverde's conviction would be H.L.'s credibility given that she testified at trial that she had lied about Cain sexually assaulting her." *Id*. at 12.

As noted by the State, "A claim attacking the truthfulness of H.L.'s trial testimony is not a constitutional claim." *Id*. See *State v. Lotter*, 278 Neb. 466, 771 N.W.2d 551 (2009) (postconviction relief not granted in absence of constitutional violation; presence of perjury by key witness does not, in and of itself, present constitutional violation).

That Cain was also convicted of sexually assaulting H.L. does not prove that Valverde was innocent. In *State v. Dubray*, 294 Neb. 937, 947-48, 885 N.W.2d 540, 551 (2016), the Nebraska Supreme Court stated:

> A claim of actual innocence may be a sufficient allegation of a constitutional violation under the Nebraska Postconviction Act. The essence of a claim of actual innocence is that the State's continued incarceration of such a petitioner without an opportunity to present newly discovered evidence is a denial of procedural or substantive due process. The threshold to entitle a prisoner to an evidentiary hearing on such a postconviction claim is "'extraordinarily high.'" Such a petitioner must make a strong demonstration of actual innocence because after a fair trial and conviction, the presumption of innocence vanishes.

Actual innocence means that a defendant did not commit the crime for which he or she is charged. *Nadeem v. State*, 298 Neb. 329, 904 N.W.2d 244 (2017) (comparing legal innocence with actual innocence).

Valverde has not met the extraordinarily high threshold of alleging facts sufficient to show he is actually innocent of the crimes; none of Valverde's alleged facts show that he did not commit the crimes for which he was convicted. A summary of the evidence adduced by the State at

Valverde's jury trial was set forth in *Valverde I*, and included testimony from H.L. and the other named victim regarding the sexual assaults by Valverde. Additionally,

> A "rape kit" was administered. Semen was found on H.L.'s underwear and the vaginal swab from the kit. DNA was extracted from these items. The probability of an unrelated individual other than Valverde matching the DNA profile of the sperm on H.L.'s underwear was 1 in 14.8 quintillion for Caucasians, 1 in 12.6 quintillion for African Americans, and 1 in 61.6 quintillion for American Hispanics.

*Valverde I*, 286 Neb. at 286-87, 835 N.W.2d at 739. The DNA report received into evidence at trial also revealed that the probability of an unrelated individual other than Valverde matching the DNA profile of the sperm on H.L.'s vaginal swab was 1 in 269 million for Caucasians, 1 in 953 million for African Americans, and 1 in 479 million for American Hispanics. The evidence against Valverde was overwhelming and he has not alleged sufficient facts to show that he was actually innocent of the crimes for which he was convicted.

### (b) Malicious Pursuit and DNA Evidence

Valverde's second motion for postconviction relief also alleged that in light of the convictions of Cain and H.L.'s mother, "The Fourteenth Amendment violation of the malicious pursuit of [Valverde] by Officer . . . Miller, must be re-examined and scrutinized" because "[h]e had knowledge of evidence and leads that produced" other suspects. Further, Valverde claimed, "[i]n light of the convictions of . . . Cain and H.L.'s mother[,] the existence of reasonable doubt to the quality control of the lab and DNA analysis, and the probability of tainted and/or planted evidence against [Valverde]."

Valverde argues that, "While at first blush it might appear that these matters were capable of being included in [his] first Motion for Post-Conviction relief which would have had to have been brought with one year of the denial of his direct appeal," "these matters only became relevant upon the revealing of the newly discovered evidence and the fact that someone else pled guilty to perpetrating the sexual assault on H.L." Brief for appellant at 21. "Grounds two and three were simply an expansion of Ground 1, as the newly discovered evidence in Ground 1 resulted in all the other suspect evidentiary matters in this case being called into question." *Id*. at 22.

We have already determined that the "newly discovered evidence in Ground 1" was not a basis for postconviction relief and did not exonerate Valverde. Furthermore, as noted by the State, "Valverde had the opportunity to challenge the law enforcement investigation and the DNA evidence both on direct appeal and through his first postconviction proceeding." Brief for appellee at 13. Accordingly, these two claims are both time barred and procedurally barred.

### VI. CONCLUSION

For the reasons stated above, we affirm the decision of the district court to deny Valverde's second motion for postconviction relief without an evidentiary hearing.

AFFIRMED.