STATE OF NEBRASKA, APPELLEE, V. CHARLES R. CARR, APPELLANT.

147 N. W. 2d 619

Filed January 6, 1967. No. 36382.

Michael T. Levy, for appellant.

Clarence A. H. Meyer, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, and McCOWN, JJ., and POLLOCK, District Judge.

SMITH, J.

Defendant moved under the Post Conviction Act to vacate a 12-year sentence imposed upon him as a habitual criminal in a prosecution for burglary. The district court overruled the motion because the files and records showed that defendant was entitled to no relief. He has appealed.

Defendant attempted to allege in the motion errors of law in the trial and deprivation of the right of appeal. A jury had found him guilty of burglary, and the district court had overruled his motion for a new trial October 22, 1964. Sentence was pronounced October 30, 1964.

Defendant took action in the criminal case prior to expiration of the time for appeal. On November 25, 1964, he filed in the office of the clerk of the district court a signed motion and an affidavit of poverty. In connection with his request for a transcript and a bill of exceptions he stated in the motion: "That he wishes to appeal said conviction to the Nebraska Supreme Court by * * * Writ of Error." No certified copy of the motion as a notice of appeal has been forwarded to the clerk of this court. The post conviction proceeding alone has been docketed.

The State tacitly admits that the motion and affidavit met jurisdictional requirements. To us it is clear that defendant has invoked appellate jurisdiction in the criminal case as well as in the post conviction proceeding. See, §§ 25-1912 and 29-2306, R. R. S. 1943; State v. Goff, 174 Neb. 217, 117 N. W. 2d 319.

The post conviction remedy "is cumulative and is not intended to be concurrent with any other remedy * * *." § 29-3003, R. S. Supp., 1965. The overruling of defendant's motion was correct because of the pending appeal in the criminal case, but the denial of post conviction relief is of course without prejudice. The judgment is affirmed.

AFFIRMED.