STATE OF NEBRASKA, APPELLEE, v. CHARLES R. CARR, APPELLANT.

154 N. W. 2d 526

Filed December 1, 1967.   No. 36586.

A. Q. Wolf, Wilbur L. Phillips, and Colleen R. Buckley, for appellant.

Clarence A. H. Meyer, Attorney General, and Bernard L. Packett, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

The defendant, Charles R. Carr, was convicted of breaking and entering with intent to steal. He has appealed from a sentence to 12 years' imprisonment as a habitual criminal. While the appeal was pending the defendant sought post conviction relief which has been denied. See State v. Carr, 181 Neb. 251, 147 N. W. 2d 619.

The record shows that the Minne Lusa Furniture Mart in Omaha, Nebraska, was burglarized on April 20, 1964. The police discovered the crime in progress during a routine, check of the building. The defendant was observed running from the rear of the building. He was apprehended approximately 4 blocks away and returned to the scene of the crime. There he was identified as the man seen running from the furniture mart.

The principal assignment of error relates to the admission in evidence of statements made by the defendant after he had been taken into custody. The police officers testified that the defendant first stated that his name was Charles Davis and that he lived at 2918 Spaulding. Both statements were untrue.

The officers further testified that the defendant said that he had been out for a ride with Timmy Moore; that Moore had parked near the furniture mart; and that the defendant got out of the car and started walking home because he didn't belong in the neighborhood.

The defendant contends that the statements were inadmissible because they were obtained in violation of the rule stated in Escobedo v. Illinois, 378 U. S. 478, 84 S. Ct. 1758, 12 L. Ed. 2d 977. The rule is applicable here because the trial in this case commenced on September 21, 1964.

In Johnson v. New Jersey, 384 U. S. 719, 86 S. Ct. 1772, 16 L. Ed. 2d 882, the United States Supreme Court stated: "Apart from its broad implications, the precise holding of Escobedo was that statements elicited by the police during an interrogation may not be used against the accused at a criminal trial, '[where] the investigation is no longer a general inquiry into an unsolved crime but has begun to focus on a particular suspect, the suspect has been taken into police custody, the police carry out a process of interrogations that lends itself to eliciting incriminating statements, the suspect has requested and been denied an opportunity to consult with his lawyer, and the police have not effectively warned him of his

absolute constitutional right to remain silent * * *.' "

The statements which are in question in this case were made by the defendant at the scene of the crime immediately after he had been taken into custody. The police officers were then in the process of investigating the crime and the defendant was questioned for the purpose of identification and to determine whether he was involved in the crime. Although the defendant had been taken into custody, the investigation had not "begun to focus on a particular suspect."

There is no evidence in this case that the defendant requested and was denied an opportunity to consult with his lawyer.

We think that the testimony of the police officers concerning the statements of the defendant made immediately after his arrest was admissible.

The State produced evidence which tended to show that a footprint found at the scene of the crime was made by the defendant's shoe. This evidence included photographs of the footprint and the shoe, the shoe itself, and testimony of witnesses who observed and compared the footprint and the shoe. The defendant contends that this evidence should not have been received because the State failed to produce a known footprint for comparison with the footprint found at the scene of the crime.

Evidence which shows that a footprint found at the scene of a crime corresponds with the shoe of the defendant is generally admissible as evidence tending to connect the defendant with the crime. State v. Burch, 195 Iowa 427, 192 N. W. 287, 31 A. L. R. 198; 29 Am. Jur. 2d, Evidence, § 377, p. 427; Annotations, 31 A. L. R. 204, 35 A. L. R. 2d 856. There must be evidence which tends to identify the defendant with the footprint, but there is no requirement that a known footprint be submitted for comparison with the footprint found at the scene of the crime. The defendant's contention is without merit.

The defendant objects to instruction No. 14 which was a cautionary instruction on circumstantial evidence. The instruction defined circumstantial evidence as being proof of facts and circumstances from which another fact may be "presumed or inferred." The defendant argues that the instruction is erroneous because it suggests that the guilt of the defendant may be presumed.

Although the instruction given may be subject to some criticism, it was not erroneous. Similar statements have been approved by this court many times. See, Morgan v. State, 51 Neb. 672, 71 N. W. 788; Wakeley v. State, 118 Neb. 346, 225 N. W. 42.

The judgment of the district court is affirmed.

AFFIRMED.