STATE OF NEBRASKA, APPELLEE, v. SAMMY HOWELL, APPELLANT.

199 N. W. 2d 21

Filed June 30, 1972.    No. 38316.

Brock & Seiler, for appellant.

Clarence A. H. Meyer, Attorney General, and James J. Duggan, for appellee.

Heard before SPENCER, SMITH, and NEWTON, JJ., and LYNCH and MORAN, District Judges.

NEWTON, J.

This is a post conviction proceeding. Defendant alleges he was wrongfully denied the right to appeal from his conviction and the admission of constitutionally inadmissible evidence. We affirm the judgment of the district court overruling the motion to vacate the judgment of conviction.

Defendant was convicted on two counts of unlawfully giving or delivering L.S.D. He was represented by privately employed counsel. Motion for new trial was overruled on August 7, 1970, and defendant was sentenced to serve 2 to 3 years in the Nebraska Penal and Correctional Complex on each count. Sentences were to run concurrently. Defendant states that after confinement, but within the time allowed for appeal, he prepared the necessary papers to effect an appeal, and delivered them to the proper prison authority, but they were not properly forwarded until after the time for appeal had expired. The notice of appeal and accompanying instruments were filed on September 23, 1970. Defendant's allegation of unreasonable delay is not borne out by the instruments filed. The praecipe for a bill of exceptions is dated September 11, 1970, and the jurat on an accompanying affidavit bears the date of September 14, 1970. No reason is given by defendant for not having had his attorney appeal the case. "Where a notice of appeal is not filed within 1 month from the

entry of the judgment or final order appealed from as required by section 25-1912, R. R. S. 1943, this court obtains no jurisdiction to hear the appeal, and the appeal must be dismissed." State v. Pauley, 185 Neb. 478, 176 N. W. 2d 687.

The defendant has failed to allege or prove facts indicating that he is acting in good faith and that his appeal has merit. The following rules appear to be pertinent. "In a post conviction proceeding, the petitioner has the burden of establishing a basis for relief.

"* * * When a defendant seeks to appeal the original proceedings pertaining to his conviction and fails to show that he is acting in good faith and that the appeal has merit, he has failed to sustain the required burden of proof." State v. Myles, 187 Neb. 105, 187 N. W. 2d 584.

As justification for an appeal and for the purpose of raising another constitutional issue, defendant alleges the wrongful admission of one item of evidence. A warrant to search defendant's automobile for narcotics had been issued. No narcotics were found but the contents of the automobile, apparently comprising all of defendant's personal effects, were inventoried. A pamphlet or book on drug awareness which described various drugs and their effects was offered in evidence. The book had been obtained from defendant's automobile and was not within the description of articles authorized to be seized under the search warrant. No motion to suppress this evidence was made, either before or during trial, on the ground that it was obtained as the result of an unlawful search. Counsel did object to its introduction on the ground that it was hearsay, irrelevant, immaterial, incompetent, and without foundation. It was received for the limited purpose of showing that defendant knew the nature of the drugs he was charged with giving or delivering. The objections made were without validity although use of the book in evidence would appear to have been vulnerable to a motion to suppress on the ground of unlawful seizure. A failure

to move for the suppression of evidence seized unlawfully waives the objection. See § 29-822, R. R. S. 1943. See, also, Robinson v. United States, 327 F. 2d 618 (8th Cir., 1964).

Furthermore, the book appears to have been innocuous. It is educational in nature and of a type used to inform people of the harmful effects of certain drugs. Anyone might innocently possess such a book and gain possession of the knowledge it imparted. Had a motion to suppress been made and erroneously rejected, it would not have been grounds for reversal when the nature of the book is considered together with the clear evidence of guilt disclosed by the record. When the evidence of guilt is clear and the exclusion of erroneous evidence obviously would not have resulted in a different verdict, the admission of such evidence is harmless error. See Schneble v. Florida, 405 U. S. 427, 92 S. Ct. 1056, 31 L. Ed. 2d 340 (March 21, 1972).

We affirm the judgment of the district court.

AFFIRMED.

MORAN, District Judge, concurs in result.