STATE OF NEBRASKA, APPELLEE, V. WILLIE A. TURNER, APPELLANT.

231 N. W. 2d 345

Filed July 3, 1975.   No. 39909.

Willie A. Turner, pro se.

Paul L. Douglas, Attorney General, and Jerold V. Fennell, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

CLINTON, J.

Defendant was convicted by a jury of unlawfully possessing a controlled substance with intent to deliver and was sentenced to a term of 3 to 9 years in the Nebraska Penal and Correctional Complex. On appeal to this court his conviction was affirmed. State v. Turner, 192 Neb. 397, 222 N. W. 2d 105.

The present appeal arises from the denial of what the defendant, who appeared pro se both here and in the trial court, describes as an application for a writ of error coram nobis. The error assigned is that the trial court erred in denying the application. We affirm.

The transcript indicates that the trial court's denial of the application was based upon an examination of the application itself and of the files and records in the case, including the bill of exceptions which was before this court when we affirmed the conviction. No evidentiary hearing was held on the application.

The first question which we must decide is a preliminary one. Is this proceeding truly an application for a

writ of error coram nobis, or is it an application for relief under the Post Conviction Act, sections 29-3001 to 29-3004, R. S. Supp., 1974? For reasons we outline shortly, the correctness of the action of the trial court's determination depends in part upon the answer to that question.

The remedy provided by the Post Conviction Act and that afforded under the ancient common law writ of error coram nobis overlap to some degree. 24 C. J. S., Criminal Law, § 1606(1), p. 661 et seq. In some jurisdictions the adoption of a post conviction hearing act has been said to have completely replaced the writ of error coram nobis. Strong v. Gladden, 225 Ore. 345, 358 P. 2d 520; Mitchell v. State, 229 Ark. 469, 317 S. W. 2d 1; Brady v. State, 222 Md. 442, 160 A. 2d 912. In this state, however, the Post Conviction Act does not have the broad reach of similar acts of some of the other states. The recommendation of the American Bar Association Standard 1.1, Post-Conviction Remedies, for the adoption of a unitary post conviction remedy replacing all existing procedures and encompassing "all claims whether factual or legal in nature" for reviewing the validity of judgments of conviction was not adopted by this state. Section 29-3003, R. S. Supp., 1974, provides: "The remedy provided by sections 29-3001 to 29-3004 is cumulative and is not intended to be concurrent with any other remedy existing in the courts of this state. Any proceeding filed under the provisions of sections 29-3001 to 29-3004 which states facts which if true would constitute grounds for relief under another remedy shall be dismissed without prejudice." Our Post Conviction Act reaches only the claims of a "prisoner in custody under sentence" asking to be "released on the ground that there was such a denial or infringement of the rights of the prisoner as to render the judgment void or voidable under the Constitution of this state or the Constitution of the United States." § 29-3001, R. S. Supp., 1974. A remedy is cumulative when it is created by statute and

is in addition to another remedy which still remains in force. People v. Santa Fe Federal Savings & Loan Assn., 28 Cal. 2d 675, 171 P. 2d 713; 10A Words and Phrases, "Cumulative Remedy," p. 414. The cumulative remedy may not be pursued simultaneously with the previously existing remedy. State v. Carr, 181 Neb. 251, 147 N. W. 2d 619; State v. Williams, 181 Neb. 692, 150 N. W. 2d 260.

In the case of Carlsen v. State, 129 Neb. 84, 261 N. W. 339, this court breathed life into the writ of error coram nobis and held it to exist by virtue of the provisions of section 49-101, Comp. St. 1929, and the provisions of our Constitution. The cited section of the statute preserved in this state the common law of England insofar as it is not inconsistent with our statutes and Constitution. As interpreted by this court in that case and others, including Parker v. State, 178 Neb. 1, 131 N. W. 2d 678, the writ reaches only matters of fact, unknown to the applicant at the time of judgment, not discoverable by him with reasonable diligence, and which fact or facts are of such a nature that if known to the court they would have prevented entry of the judgment. See, also, 24 C. J. S., Criminal Law, § 1606(7), p. 688 et seq. The remedy is not available to correct errors of law. 24 C. J. S., Criminal Law, § 1606(8), p. 694. The writ does not reach such matters as the legality of a search or seizure. Winston v. United States, 224 F. 2d 337; Engling v. State, 178 Kan. 564, 290 P. 2d 1009; People v. Cole, 152 Cal. App. 2d 71, 312 P. 2d 701.

In most states the application for the writ is regarded as a new action and not a continuation of the original proceeding. 24 C. J. S., Criminal Law, § 1606(20), p. 758. Ordinarily in such an action, if the application states a prima facie cause for relief a hearing must be held. 24 C. J. S., Criminal Law, § 1606(31), § 1606(28), pp. 820, 783. In such an action the State is the proper party defendant and entitled to notice. 24 C. J. S., Criminal Law, § 1606(27), p. 781. The State is entitled to raise in the trial court the sufficiency of the

application. 24 C. J. S., Criminal Law, § 1606(28), p. 783; and an opportunity to reply. Op. cit.

An examination of our opinions in Parker v. State, *supra*; Carlsen v. State, *supra*; and Hawk v. State, 151 Neb. 717, 39 N. W. 2d 561, would indicate that generally the above procedure has been the practice in this state. It seems clear, therefore, that if an application pleads facts unknown to the applicant at the time the judgment was entered, which facts were not readily discoverable by him and which are of such a nature that they would have precluded entry of the judgment, then a hearing must be held for the very nature of the proceedings is to show facts not disclosed by the record. It would seem obvious in such a case that the mere examination of the files and records does not suffice except perhaps where they clearly contradict the material allegations of the application for the writ.

In this case, no one served a notice upon the State following the filing of the application, no responsive pleading was made by the State at any time, and no appearance was made by the State prior to the filing of its briefs in this court. If this case is properly to be treated as an application for writ of error coram nobis, there is no statutory sanction for the informal way in which the matter was handled.

On the other hand, if the application, despite the name which the applicant has applied to it, is to be properly treated as one for post conviction relief, then our statute provides: "Unless the motion and the files and records of the case show to the satisfaction of the court that the prisoner is entitled to no relief, the court shall cause notice thereof to be served on the county attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." § 29-3001, R. S. Supp., 1974.

The writ of error coram nobis is a common law civil proceeding applicable both to civil and criminal judgments. 24 C. J. S., Criminal Law, § 1606(2), p. 669.

Although our statutes and Constitution preserve the common law remedy, forms of action have been abolished and the nature of the action is to be judged by what is pled and not by the name which may have been applied to it. § 25-101, R. R. S. 1943; 24 C. J. S., Criminal Law, § 1606(22), p. 766; State ex rel. Wright v. Barney, 133 Neb. 676, 276 N. W. 676. Defendant did not plead facts which entitled him to relief by writ of error coram nobis.

In the light of the previously stated principles, we now proceed to an examination of the relevant and material allegations of the application. It alleges that "PLAIN-TIFF WILLIE TURNER WAS INTENTIONALLY DE-NIED THE RIGHT TO BE PRESENT" at a hearing for suppression of evidence. It further alleges by way of conclusion that if he had been present, "PLAINTIFF . . . COULD HAVE PROVIDED SUFFICIENT TESTI-MONY AND EVIDENCE . . . TO JUSTIFY THE EVI-DENCE BEING SUPPRESSED IN HIS BEHALF." It alleges further that his defense counsel stipulated that the motion to suppress could be heard upon the same evidence as a motion to suppress in a companion case, State v. Cass. In his brief defendant alleges that Cass pled guilty and that no suppression hearing was ever held in that case. In a proceeding under the Post Conviction Act the applicant is required to allege facts which, if proved, constitute a violation or infringement of constitutional rights and the pleading of mere conclusions of fact or of law are not sufficient to require the court to grant an evidentiary hearing. State v. Russ, 193 Neb. 308, 226 N. W. 2d 775. The only fact which the application alleges is that the defendant was denied the right to be present at the suppression hearing. It is clear that the allegations present no fact or facts unknown to the defendant and his counsel and not reasonably discoverable by the defendant, and the existence of which would have prevented the judgment. See, Parker v. State, *supra*; 24 C. J. S., Criminal Law, §

1606(7), p. 688. The application presents at most a question of error of law, which is not reachable by writ of error coram nobis. 24 C. J. S., Criminal Law, § 1606(8), p. 694.

The trial court, therefore, was justified in proceeding as though the application were under the Post Conviction Act to examine the files and records in the case to determine whether they showed to the court's satisfaction that the applicant was entitled to no relief and, if the court were not so satisfied, then to order an evidentiary hearing.

What do the files and records of the case show? They show that an application to suppress was filed. This motion attacked in a variety of ways the search and the seizure. The files and the record further show that on July 11, 1973, at 11 o'clock a.m., defendant's counsel and the prosecutor appeared before one of the judges of the District Court for Douglas County, Nebraska, for the purpose of holding a hearing on the motion to suppress. At that time the trial judge noted defendant's absence, made inquiry of both counsel concerning that fact, and suggested that defendant be present. Counsel then responded that the arrangement he had made with his co-counsel was that defendant would not be present. Defendant's counsel then left the courtroom and apparently made a telephone call, and upon his return to the courtroom he stated: "I could not get in touch with the defendant, or Mr. McQuillan" (co-counsel). He stated (referring to the defendant): "I don't know if he has been notified." Further discussion concerning defendant's presence then took place. At the time the defendant's counsel and the prosecutor both understood that a suppression hearing in the companion case had just been completed or was underway, but that no ruling had been made therein.

Thereafter it was stipulated: ". . . this matter was submitted on the evidence in the other case (Cass), and that the Court has taken it under advisement." The

court then addressed defendant's counsel as follows: ". . . what you had better do, you had better go back to your client and say, 'This is the evidence that was introduced in the other case,' acquaint yourself with what is was, and 'This is the evidence that they have regarding the search.'" It was further stipulated that at that time the motion to suppress was founded upon a claim "of a defective search warrant" and the warrant, although not in the record before us, is the same warrant as was involved in the companion case. The court then, further addressing defendant's counsel, said: "If you can add anything to that, give him a chance to do it, and I will give him a chance to do it; if he can't, then he can't complain that he didn't get his full day in court." Counsel responded in a form which indicated understanding.

We accept defendant's claim that Cass pled guilty and that no suppression hearing was held in that case. The record does not show that any evidence or testimony from that hearing was ever offered or received by the trial court in this case pursuant to the stipulation in question. It appears, therefore, that no suppression hearing was in fact held. The record is absent any showing whatever that defendant, through his counsel, sought thereafter to take advantage of the court's holding the matter open for further evidence by the defendant or otherwise on the motion to suppress. Under this state of the record there appears to have been an abandonment and waiver of hearing on the issue. Before trial the court overruled the motion to suppress. It appears that the defendant's absence on July 11, 1973, was not prejudicial since, in fact, there was no hearing at which evidence was adduced.

In People v. Anderson, 266 N. Y. S. 2d 110, 16 N. Y. 2d 282, 213 N. E. 2d 445, the New York Court of Appeals held that a pretrial hearing on a motion to suppress at which evidence is adduced is a part of the trial, and the unexplained absence of the defendant therefrom

deprives him of due process of law and requires vacation of the judgment of conviction. It further held that the defendant does not have a right to be present at a hearing on a motion to decide a mere matter of law. Without in any way intimating that the primary holding of People v. Anderson, *supra,* would or would not be followed by us in an appropriate case, we deem it has no application here. The defendant was bound by the act of his counsel in failing to ask the court prior to trial for an evidentiary hearing on the motion to suppress, which hearing the court had indicated it would, upon request, hold. This failure is a waiver within the spirit, although not the letter, of section 29-822, R. R. S. 1943, and our holding in State v. Howell, 188 Neb. 687, 199 N. W. 2d 21. We hold that where, in a criminal prosecution, a defendant, through his counsel, files a motion to suppress evidence taken in a search and seizure alleged to have been in violation of the Constitution of the United States, and the parties, through counsel, enter into a stipulation for the trial of the motion upon the basis of evidence in a companion case with the right to present additional evidence by or on behalf of the defendant, and then proceed to trial without offering the stipulated evidence and without exercising the right to offer additional evidence, such conduct constitutes a waiver of rights on the motion to suppress. Consequently the unexplained absence of the defendant at the session where the stipulation was entered into cannot be ground for post conviction relief.

No question of competence of counsel is raised here. There may have been very good reasons for abandoning the suppression issue.

AFFIRMED.

BRODKEY, J., not participating.