State of Nebraska, appellee, v.
Jack E. Harris, appellant.
___ N.W.2d ___

Filed December 4, 2015.    No. S-14-953.

1. **Postconviction: Appeal and Error.** Whether a claim raised in a post-conviction proceeding is procedurally barred is a question of law.
2. **Jurisdiction: Appeal and Error.** A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.
3. **Judgments: Appeal and Error.** When reviewing questions of law, an appellate court resolves the questions independently of the lower court's conclusion.
4. **Postconviction: Election of Remedies.** A remedy is cumulative when it is created by statute and is in addition to another remedy which still remains in force.
5. **Judgments: Evidence: Appeal and Error.** The purpose of a writ of error coram nobis is to bring before the court rendering judgment matters of fact which, if known at the time the judgment was rendered, would have prevented its rendition.
6. ____: ____: ____. A writ of error coram nobis reaches only matters of fact unknown to the applicant at the time of judgment, not discoverable through reasonable diligence, and which are of a nature that, if known by the court, would have prevented entry of judgment.
7. **Judgments: Appeal and Error.** A writ of error coram nobis is not available to correct errors of law.
8. **Convictions: Proof: Appeal and Error.** The burden of proof in a proceeding to obtain a writ of error coram nobis is upon the applicant claiming the error, and the alleged error of fact must be such as would have prevented a conviction. It is not enough to show that it might have caused a different result.
9. **Testimony: Appeal and Error.** A writ of error coram nobis cannot be invoked on the ground that an important witness testified falsely about a material issue in the case.

10. **Final Orders: Appeal and Error.** There are three types of final orders that may be reviewed on appeal under the provisions of Neb. Rev. Stat. § 25-1902 (Reissue 2008): (1) an order which affects a substantial right in an action and which in effect determines the action and prevents a judgment, (2) an order affecting a substantial right made during a special proceeding, and (3) an order affecting a substantial right made on summary application in an action after judgment is rendered.

11. ____: ____. An order affects a substantial right if it affects the subject matter of the litigation, such as diminishing a claim or defense that was available to the appellant prior to the order from which he or she is appealing.

Appeal from the District Court for Douglas County: WILLIAM B. ZASTERA, Judge. Reversed and remanded with directions.

Sarah P. Newell and James Mowbray, of Nebraska Commission on Public Advocacy, for appellant.

Douglas J. Peterson, Attorney General, and Kimberly A. Klein for appellee.

WRIGHT, CONNOLLY, MCCORMACK, MILLER-LERMAN, CASSEL, and STACY, JJ.

WRIGHT, J.

## NATURE OF CASE

Jack E. Harris appeals the order of the district court which dismissed his motion for postconviction relief without prejudice pursuant to Neb. Rev. Stat. § 29-3003 (Reissue 2008), because it was filed simultaneously with a motion for new trial and a motion for writ of error coram nobis. We reverse, and remand the cause to the district court for consideration of Harris' postconviction motion on its merits.

## SCOPE OF REVIEW

[1] Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law. *State v. Thorpe*, 290 Neb. 149, 858 N.W.2d 880 (2015).

[2] A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a

matter of law. *State v. Meints*, 291 Neb. 869, 869 N.W.2d 343 (2015).

[3] When reviewing questions of law, an appellate court resolves the questions independently of the lower court's conclusion. *State v. Thorpe, supra.*

## FACTS

### Trial and Direct Appeal

Harris was convicted by a jury in 1999 of first degree murder and use of a deadly weapon to commit a felony in connection with the killing of Anthony Jones. He was sentenced to life in prison for the murder conviction and to a consecutive term of 10 to 20 years' imprisonment for the weapon conviction. We affirmed Harris' convictions and sentences on direct appeal in *State v. Harris*, 263 Neb. 331, 640 N.W.2d 24 (2002).

### First Postconviction Action

On June 3, 2002, Harris filed a pro se motion for postconviction relief and was appointed counsel. An evidentiary hearing was granted as to some, but not all, of the issues raised in Harris' motion for postconviction relief. Harris filed an interlocutory appeal, and we reversed the judgment and remanded the cause for an evidentiary hearing on two additional claims. See *State v. Harris*, 267 Neb. 771, 677 N.W.2d 147 (2004). Following an evidentiary hearing in November 2005, the district court denied postconviction relief and Harris timely appealed that denial to this court. In December 2006, while the appeal was still pending, Harris filed a motion to stay the appeal and remand to the district court for further proceedings on grounds of newly discovered evidence. We overruled the motion and, on July 27, 2007, affirmed the district court's denial of postconviction relief. See *State v. Harris*, 274 Neb. 40, 735 N.W.2d 774 (2007).

### Present Postconviction Action

On January 17, 2008, Harris filed a second motion for postconviction relief, along with a motion for new trial and a

motion for writ of error coram nobis. All three motions contained allegations regarding newly discovered evidence that Howard "Homicide" Hicks, who was the primary witness for the State, testified falsely at trial that it was Harris who shot and killed Jones when, in fact, it was Hicks who acted alone in committing the murder. In support of the motions, Harris submitted an affidavit from Terrell McClinton, an inmate to whom Hicks allegedly confessed to killing Jones. Harris also submitted an affidavit from Curtis Allgood, a witness who provided details placing Hicks near the crime scene at the time of the murder and corroborated some of the information provided by McClinton. The motions further alleged that Harris was not aware of this information until McClinton contacted Harris' postconviction counsel in August 2006 and that Harris was prevented from discovering the evidence due to the misconduct of the prosecuting attorney and the State's witness.

The district court granted an evidentiary hearing seemingly limited to the postconviction motion, stating that "[b]ecause the Court is granting [Harris'] motion for an evidentiary hearing, his motions for new trial and writ of error coram nobis will not be addressed." Before the evidentiary hearing was held, the entire Douglas County District Court bench recused itself when the prosecutor of the case was appointed to the bench. On August 27, 2009, a district court judge from Sarpy County was appointed to preside over the matter.

On December 20, 2010, Harris was permitted to file a third amended motion for postconviction relief, which added allegations of newly discovered evidence relating to Hicks' plea deal, contending that the prosecutor engaged in misconduct by misrepresenting or allowing Hicks to misrepresent the nature of the plea agreement at Harris' trial.

An evidentiary hearing on the third motion for postconviction relief was held in the district court on June 28, 2013. During the hearing, the State argued that the postconviction action must be dismissed pursuant to § 29-3003 because the

motion for new trial and the motion for writ of error coram nobis were still pending in the district court.

On October 16, 2014, the district court agreed with the State and dismissed Harris' postconviction motion pursuant to § 29-3003, without addressing the merits of his claims. It cited the language of the statute and concluded:

> [Harris'] simultaneous filing of a Motion for New Trial and Writ of Error Coram Nobis constitutes an acknowledgment that he had other remedies available to him and that a postconviction motion was not the exclusive remedy available to him as required by Neb. Rev. Stat. § 29-3003. Accordingly, this Court finds that it is not necessary to address the claims asserted by [Harris] in his postconviction motion, as it should be dismissed.

Harris timely appeals from that judgment.

## ASSIGNMENTS OF ERROR

Harris assigns that the district court erred in dismissing his motion for postconviction relief under § 29-3003, because the remedies are mutually exclusive, not cumulative. He also assigns that the district court's judgment is not a final, appealable order, because the remedies constitute separate causes of action and the district court did not direct final entry of judgment as required under Neb. Rev. Stat. § 25-1315 (Reissue 2008).

## ANALYSIS

### DISMISSAL OF POSTCONVICTION MOTION

Harris first assigns that the district court erred in dismissing his motion for postconviction relief on the basis of § 29-3003, which provides:

> The remedy provided by sections 29-3001 to 29-3004 is cumulative and is not intended to be concurrent with any other remedy existing in the courts of this state. Any proceeding filed under the provisions of sections 29-3001 to 29-3004 which states facts which if true

would constitute grounds for relief under another remedy shall be dismissed without prejudice.

[4] A remedy is cumulative when it is created by statute and is in addition to another remedy which still remains in force. *State v. Turner*, 194 Neb. 252, 231 N.W.2d 345 (1975). The cumulative remedy may not be pursued simultaneously with the previously existing remedy. *Id.*

Harris argues that the remedies sought in a motion for new trial and a motion for writ of error coram nobis are not cumulative to the postconviction remedy, because they are mutually exclusive. But whether those remedies are mutually exclusive is not important to our analysis. By virtue of § 29-3003, the postconviction remedy is clearly a cumulative remedy that may not be pursued concurrently with any other remedy existing under state law, including the remedies sought in a motion for new trial and a motion for writ of error coram nobis. Thus, the question we must consider is whether the allegations, if true, under the above remedies would constitute grounds for relief.

We agree with Harris that the district court erred when it dismissed the postconviction action solely on the basis that other motions for relief were pending. The question is not whether the petitioner believes he is entitled to other remedies, but, rather, whether the allegations, if true, would constitute grounds for relief under the other remedies sought.

Accordingly, we hold that a court presented with a motion for postconviction relief which exists simultaneously with a motion seeking relief under another remedy must dismiss the postconviction motion without prejudice when the allegations, if true, would constitute grounds for relief under the other remedy sought. See § 29-3003. If the district court determines the other remedy has no grounds for relief, the postconviction motion is not procedurally barred under § 29-3003 and should be considered on its merits.

Applying this framework and analyzing the other remedies sought in the case at bar, we conclude that Harris' motion for

new trial and his motion for writ of error coram nobis provide no grounds for relief.

Harris' motion for new trial is based on the grounds set forth in Neb. Rev. Stat. § 29-2101(1), (2), and (5) (Reissue 2008). At the time Harris filed his motion, the applicable statute of limitations was 10 days from the date of the verdict for claims under subsections (1) and (2), and 3 years from the date of the verdict for claims under subsection (5). See Neb. Rev. Stat. § 29-2103(3) and (4) (Reissue 2008). The verdicts Harris is challenging were entered on July 27, 1999. His motion for new trial was filed on January 17, 2008. On its face, Harris' motion for new trial is barred by the applicable statute of limitations and there is no possibility of relief.

[5-8] We also conclude that there is no possibility of Harris' obtaining relief through his motion for writ of error coram nobis. The purpose of a writ of error coram nobis is to bring before the court rendering judgment matters of fact which, if known at the time the judgment was rendered, would have prevented its rendition. *State v. Sandoval*, 288 Neb. 754, 851 N.W.2d 656 (2014). The writ reaches only matters of fact unknown to the applicant at the time of judgment, not discoverable through reasonable diligence, and which are of a nature that, if known by the court, would have prevented entry of judgment. *Id.* The writ is not available to correct errors of law. *Id.* The burden of proof in a proceeding to obtain a writ of error coram nobis is upon the applicant claiming the error, and the alleged error of fact must be such as would have prevented a conviction. It is not enough to show that it might have caused a different result. *State v. Hessler*, 288 Neb. 670, 850 N.W.2d 777 (2014).

Here, the affidavits from McClinton and Allgood are statements which imply that Hicks testified falsely against Harris at Harris' trial. McClinton stated that he knew Hicks and that it was Hicks' job to kill people for a drug dealer named "Corey Bass." McClinton said that during a conversation with Hicks in 2001, Hicks told him that Hicks was the person who shot Jones and described to McClinton the details

of the killing, including the fact that he walked to Allgood's house afterward.

Allgood stated that at approximately 10:30 p.m. on August 22, 1995, he was at home having a conversation with Bass when Hicks hurriedly entered Allgood's home through the back door without knocking. Allgood overheard Hicks telling Bass that "'it was handled.'" According to Allgood, Hicks was normally "very laid back," but that night, he was very agitated. About a week later, Allgood learned that Jones had been murdered in his apartment, which was just around the corner from Allgood's home.

[9] Assuming these allegations are true, Harris would not be entitled to a writ of error coram nobis. The writ of error coram nobis cannot be invoked on the ground that an important witness testified falsely about a material issue in the case. See, *State v. Lotter*, 266 Neb. 245, 664 N.W.2d 892 (2003), *superseded by statute on other grounds, State v. Huggins*, 291 Neb. 443, 866 N.W.2d 80 (2015); *Parker v. State*, 178 Neb. 1, 131 N.W.2d 678 (1964); *Hawk v. State*, 151 Neb. 717, 39 N.W.2d 561 (1949). Thus, we conclude that Harris' motion for writ of error coram nobis, on its face, provides no possibility of relief.

Because Harris has no possibility of obtaining relief through the motion for new trial and the motion for writ of error coram nobis that were filed simultaneously with the postconviction action, the district court erred in dismissing the postconviction action under § 29-3003. We therefore remand the cause to the district court for consideration of the postconviction motion on its merits.

### FINALITY OF ORDER

In his second assignment of error, Harris argues that the district court's judgment is not a final, appealable order, even though he is the one who appealed from it. He argues that the dismissal of his postconviction motion is not a final, appealable order, because there were two other claims for relief presented in this action and the district court did not expressly

determine that there was no just reason for delay or expressly direct the entry of final judgment as to this claim, as required under § 25-1315(1).

[10] There are three types of final orders that may be reviewed on appeal under the provisions of Neb. Rev. Stat. § 25-1902 (Reissue 2008): (1) an order which affects a substantial right in an action and which in effect determines the action and prevents a judgment, (2) an order affecting a substantial right made during a special proceeding, and (3) an order affecting a substantial right made on summary application in an action after judgment is rendered. *State v. Jackson*, 291 Neb. 908, 870 N.W.2d 133 (2015). We have previously held that postconviction actions are special proceedings within the context of § 25-1902. See *State v. Silvers*, 255 Neb. 702, 587 N.W.2d 325 (1998).

[11] An order affects a substantial right if it affects the subject matter of the litigation, such as diminishing a claim or defense that was available to the appellant prior to the order from which he or she is appealing. *State v. Jackson, supra.* The order in the present case affected a substantial right of Harris. It concluded that his postconviction motion was procedurally barred under § 29-3003 and dismissed his action entirely, albeit without prejudice. Because the district court's order affected a substantial right and was made in a special proceeding, it is final and appealable under § 25-1902.

## CONCLUSION

The district court erred in dismissing Harris' motion for postconviction relief pursuant to § 29-3003. We reverse the district court's judgment and remand the cause to the district court for consideration of the postconviction motion on its merits.

REVERSED AND REMANDED WITH DIRECTIONS.

HEAVICAN, C.J., not participating.