IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. VALVERDE

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

PAUL A. VALVERDE, APPELLANT.

Filed January 12, 2016.    No. A-14-1121.

Appeal from the District Court for Sarpy County: MAX KELCH, Judge. Affirmed.

Paul A. Valverde, pro se.

Douglas J. Peterson, Attorney General, and Stacy M. Foust for appellee.

MOORE, Chief Judge, and INBODY and BISHOP, Judges.

MOORE, Chief Judge.

INTRODUCTION

Paul A. Valverde appeals from the order of the district court for Sarpy County, which denied his motion for postconviction relief without an evidentiary hearing. Finding no error, we affirm.

BACKGROUND

Following a jury trial, Valverde was convicted of two counts of third degree sexual assault of a child, second offense; four counts of child abuse; and three counts of first degree sexual assault of a child, second offense, relating to acts committed against H.L. and B.V. at locations in Sarpy County between June 1, 2008 and December 10, 2010. On direct appeal, Valverde assigned error to the procedures used by the district court in receiving evidence of prior sexual offenses under Neb. Rev. Stat. § 27-414 (Cum. Supp. 2012), the court's failure to grant a mistrial in connection

- 1 -

with the admission of § 27-414 evidence, and the court's giving certain jury instructions and refusing others. The Nebraska Supreme Court affirmed Valverde's convictions and sentences. *State v. Valverde*, 286 Neb. 280, 835 N.W.2d 732 (2013). Valverde was represented by the Sarpy County Public Defender's Office at trial and on direct appeal.

On July 22, 2014, Valverde filed a verified motion for postconviction relief. In his motion, Valverde asserted that his constitutional right to a fair trial was violated when the district court admitted evidence in violation of § 27-414 and when the court allowed a police detective to remain in the courtroom during the trial despite a sequestration order; that his appellate counsel was ineffective for failing to raise the sequestration issue on direct appeal; that his right to due process was violated when the State retaliated and vindictively "left [his] life sentence in place" after he deposed the victim; that he received ineffective assistance of counsel at trial and on direct appeal due to the failure to address the issue of vindictive prosecution; that the evidence at trial was insufficient to establish the specific dates that the alleged offenses occurred; and that he received ineffective assistance of counsel at trial and on direct appeal due to the failure to challenge the sufficiency of the evidence to support his convictions. Valverde asked the district court to grant him an evidentiary hearing and to appoint him counsel.

On November 18, 2014, the district court entered an order, denying Valverde's motion for postconviction relief without an evidentiary hearing. Valverde subsequently perfected his appeal to this court.

ASSIGNMENTS OF ERROR

Valverde asserts, restated, that the district court erred by failing to appoint counsel and schedule an evidentiary hearing and that it should have granted postconviction relief on the issues of (1) the adequacy of the information, (2) the detective remaining in the courtroom during trial, and (3) prosecutorial vindictiveness. He also asserts that he received ineffective assistance of counsel from his attorney at trial and on direct appeal.

STANDARD OF REVIEW

Whether a claim raised in a postconviction proceeding is procedurally barred is a question of law. *State v. Harris*, 292 Neb. 186, ___ N.W.2d ___ (2015). When reviewing questions of law, an appellate court resolves the questions independently of the lower court's conclusion. *Id.* In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief. *State v. Nolan*, 292 Neb. 118, 870 N.W.2d 806 (2015). A postconviction claim that defense counsel provided ineffective assistance generally presents a mixed question of law and fact. *State v. Armstrong*, 290 Neb. 991, 863 N.W.2d 449 (2015). When reviewing a claim of ineffective assistance of counsel, an appellate court reviews the factual findings of the lower court for clear error. *State v. Branch*, 290 Neb. 523, 860 N.W.2d 712 (2015). With regard to the questions of counsel's performance or prejudice to the defendant as part of the two-pronged test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), an appellate

court reviews such legal determinations independently of the lower court's decision. *State v. Branch, supra*.

## ANALYSIS

*Adequacy of Information*.

Valverde assigns that he was entitled to postconviction relief due to the inadequacy of the information filed by the State. Specifically, he asserts that the district court erred by allowing the State to prosecute him by an information which did not adequately apprise him of the offenses against him and give him an opportunity to provide an alibi defense. Valverde argues that he "could not defend against crimes alleged to have occurred over a period of time, with no specific date and time, allowing him to put forth an alibi defense as to when the offenses took place." Brief for appellant at 7. He also states, "Even assuming he had an alibi, his constitutional right to exercise it was infringed upon by the State, when it failed to prove with specificity when the alleged crimes occurred." Brief for appellant at 8.

This issue is procedurally barred. Valverde did not raise the adequacy of the information at trial or on direct appeal, nor did he raise sufficiency of the evidence on direct appeal. A motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal, no matter how those issues may be phrased or rephrased. *State v. Thorpe*, 290 Neb. 149, 858 N.W.2d 880 (2015). Further, although Valverde assigns generally that his trial and appellate counsel provided ineffective assistance of counsel which prejudiced him, he does not argue ineffective assistance of counsel in connection with the alleged inadequacy of the information or the sufficiency of the evidence. To be considered by an appellate court, an appellant must both assign and specifically argue any alleged error. *State v. Huston*, 291 Neb. 708, 868 N.W.2d 766 (2015). This assignment of error is without merit.

*Detective Remaining in Courtroom*.

Valverde assigns that the trial court erred when it allowed a police detective to remain in the courtroom during the trial to hear testimony from other witnesses. Again, Valverde did not raise this alleged error on direct appeal, so it is procedurally barred. See *State v. Thorpe, supra*. However, Valverde also assigns generally that his trial and appellate counsel provided ineffective assistance of counsel which prejudiced him, and he argues that his appellate counsel was ineffective for failing to raise the issue of the detective's sequestration on direct appeal. Although the language used by Valverde in his brief is less than clear, it does not appear that he argues ineffective assistance of trial counsel in connection with the sequestration issue. Accordingly, we will address whether he received ineffective assistance of appellate counsel in this regard.

A claim of ineffective assistance of appellate counsel which could not have been raised on direct appeal may be raised on postconviction review. *State v. Nolan*, 292 Neb. 118, 870 N.W.2d 806 (2015). When analyzing a claim of ineffective assistance of appellate counsel, courts usually begin by determining whether appellate counsel actually prejudiced the defendant. *Id.* That is, courts begin by assessing the strength of the claim appellate counsel failed to raise. *Id.* Counsel's failure to raise an issue on appeal could be ineffective assistance only if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal. *Id.* When a case

presents layered ineffectiveness claims, an appellate court determines the prejudice prong of appellate counsel's performance by focusing on whether trial counsel was ineffective under the *Strickland v. Washington*, 466 U.S. 688, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), test. If trial counsel was not ineffective, then the defendant suffered no prejudice when appellate counsel failed to bring an ineffective assistance of trial counsel claim. *Id*.

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Nolan, supra*. To show prejudice under the prejudice component of the *Strickland v. Washington* test, the defendant must demonstrate a reasonable probability that but for his or her counsel's deficient performance, the result of the proceeding would have been different. *Id*. A reasonable probability does not require that it be more likely than not that the deficient performance altered the outcome of the case; rather, the defendant must show a probability sufficient to undermine confidence in the outcome. *Id.* A court may address the two prongs of the test, deficient performance and prejudice, in either order. *Id*.

Prior to trial, Valverde requested sequestration of the witnesses. The State made an oral motion, requesting that under Neb. Rev. Stat. § 27-615 (Reissue 2008), a particular police detective be considered the State's case agent and be allowed to remain in the courtroom during trial. The prosecutor explained that the detective was "obviously very important to the investigation, the presentation of evidence, and he is the main witness identified in this case." Valverde's counsel objected and asked that the detective be sequestered with the rest of the witnesses. He argued that allowing the detective to listen to all of the testimony would "greatly prejudice [Valverde] in cross-examining him about inconsistencies between himself and the other investigators and witnesses involved in the case." The district court overruled the objection, although it determined that the detective would have to sit in the gallery section rather than at counsel table with the prosecutor.

Valverde raised this issue in his postconviction motion, and in finding it to be without merit, the district court relied on *State v. Freeman*, 267 Neb. 737, 677 N.W.2d 164 (2004). In that case, the district court granted the State's motion designating a deputy sheriff as its representative for trial. On appeal, the Nebraska Supreme Court first referenced § 27-615, which allows a party to request the exclusion of witnesses during a trial but does not authorize exclusion of, among others, "an officer or employee of a party which is not a natural person designated as its representative by its attorney." The Court also noted *State v. Jackson*, 231 Neb. 207, 435 N.W.2d 893 (1989) (affirming trial court's decision to allow expert witness doctor designated as State's representative to remain in courtroom throughout trial despite sequestration order); *State v. Canbaz*, 259 Neb. 583, 611 N.W.2d 395 (2000) (approving decision allowing expert psychological witness to remain in courtroom during the testimony of defendant's psychological expert where State was limited in ability to obtain information prior to trial concerning defendant's mental state); and *Jordan v. State*, 101 Neb. 430, 163 N.W. 801 (1917) (finding no abuse of discretion for trial court to allow sheriff, who was also witness, to remain in courtroom despite sequestration order where defendant declined to file affidavit of prejudice and sheriff was officer of court). The Court also noted several federal cases holding that it is permissible for a law enforcement officer to be

present during a trial even where a sequestration order has been entered. See, *United States v. Jones*, 687 F.2d 1265 (8th Cir. 1982); *United States v. Shearer*, 606 F.2d 819 (8th Cir. 1979); *United States v. Woody*, 588 F.2d 1212 (8th Cir. 1978), *cert. denied* 440 U.S. 928, 99 S. Ct. 1263, 59 L. Ed. 2d 484 (1979). The Court in *Freeman* found no error in the district court's decision allowing the deputy sheriff to remain in the courtroom as the State's representative during trial.

Valverde appears to argue that *United States v. Engelmann*, 701 F.3d 874 (8th Cir. 2012) supports his position that the trial court should have sequestered the detective in this case from the courtroom. However, *Engelmann* does not support Valverde's argument. The issue in that case was not whether the court erred when it allowed the government's designated representative, an FBI Special Agent, to testify or to remain in the courtroom during the testimony of a second agent; rather, the issue was whether the agent discussed his own testimony with the second agent prior to the second agent's testimony in violation of the sequestration order.

In this case, the district court did not err when it allowed the detective to remain in the courtroom during trial. Accordingly, Valverde's appellate counsel could not have been ineffective for failing to raise the sequestration issue on direct appeal. This assignment of error is without merit.

*Prosecutorial Vindictiveness.*

Valverde asserts that the district court erred when it failed to grant him postconviction relief on the issue of prosecutorial vindictiveness. He argues that he "was informed by the State that if he chose to depose the victim, they would file charges which carried a life sentence in prison" and that after he deposed the victim, "the State left the life sentence in place." Brief for appellant at 9-10. He argues that the State retaliated against him for exercising his "procedural and constitutional right" to depose the victim. Brief for appellant at 10. Again, Valverde did not raise this alleged error on direct appeal, so it is procedurally barred. See *State v. Thorpe*, 290 Neb. 149, 858 N.W.2d 880 (2015). However, Valverde assigns generally that his trial and appellate counsel provided ineffective assistance which prejudiced him, and he argues that his trial counsel was ineffective for failing to raise the issue of the prosecutorial vindictiveness at trial. Again, the language used by Valverde in his brief is less than clear, but he appears to only argue ineffective assistance of trial counsel in connection with the issue of prosecutorial vindictiveness. Valverde's trial and appellate counsel were both from the Sarpy County Public Defender's Office, so this is his first opportunity to raise this issue. When lawyers employed by the same office represent a defendant both at trial and on direct appeal, the defendant's first opportunity to assert ineffective assistance of counsel is in a motion for postconviction relief. *State v. Fox*, 286 Neb. 956, 840 N.W.2d 479 (2013).

The Eighth Circuit Court of Appeals provides a definition of prosecutorial vindictiveness:

Vindictive prosecution occurs when a prosecutor seeks to punish a defendant solely for exercising a valid legal right. *United States v. Leathers*, 354 F.3d 955, 961 (8th Cir. 2004). Such prosecution constitutes a violation of due process. *Id.* The defendant has the burden to demonstrate that the 'prosecution was brought in order to punish [him] for the exercise of a legal right,' and because of the broad discretion given to prosecutors in

performing their duties, the defendant's burden to show vindictive prosecution is 'a heavy one.' *Id.*

*United States v. Williams*, 793 F.3d 957, 963 (8th Cir. 2015).

The Nebraska Supreme Court has previously rejected claims of prosecutorial vindictiveness where increased charges were filed prior to trial. See *State v. Flye*, 245 Neb. 495, 513 N.W.2d 526 (1994) (finding no prosecutorial vindictiveness where State added habitual criminal charges in response to defendant's rejection of a plea offer); *State v. Morrison*, 243 Neb. 469, 500 N.W.2d 547 (1993), disapproved on other grounds, *State v. Johnson*, 256 Neb. 133, 589 N.W.2d 108 (1999) (finding no prosecutorial vindictiveness where State amended information to include additional charge after defendant rejected offer by the State to forgo additional charge if defendant elected to plead to original charge); *State v. Trammell*, 240 Neb. 724, 484 N.W.2d 263 (1992) (finding no prosecutorial vindictiveness where previously dismissed charges were refiled after defendant successfully appealed his conviction on unrelated charge). In *State v. Johnson*, 234 Neb. 110, 449 N.W.2d 232 (1989), the defendant alleged a violation of his rights where the prosecutor dismissed an original misdemeanor charge, refiling a felony complaint after the defendant refused to plead to the original charge and sought a trial. The Nebraska Supreme Court refused to presume prosecutorial vindictiveness, relying on the cautious treatment of prosecutorial vindictiveness in the pretrial setting by the U.S. Supreme Court. See *United States v. Goodwin*, 457 U.S. 368, 102 S. Ct. 2485, 73 L. Ed. 2d 74 (1982); *Bordenkircher v. Hayes*, 434 U.S. 357, 98 S. Ct. 663, 54 L. Ed. 2d 604 (1978).

On January 24, 2011, the State charged Valverde in this case by an amended complaint in the county court with the same ten counts that it charged him by information with in district court on February 11, 2011. Four of those counts were Class 1B felonies, carrying the possibility of life imprisonment. See Neb. Rev. Stat. § 28-105 (Cum. Supp. 2014). Those charges remained unchanged through the subsequent amended informations filed by the State in the district court. Valverde filed his motion to take the victim's deposition on March 31, 2011, and the court granted his motion on April 14.

In ruling on the claim of prosecutorial vindictiveness and alleged ineffective assistance of trial counsel on this issue in Valverde's postconviction motion, the district court found that the State could not be vindictive when it had already filed charges with the possibility of life imprisonment before discovery and Valverde's trial counsel could not have been ineffective by not raising the issue of vindictive prosecution at trial or on direct appeal. We agree. This assignment of error is without merit.

*Compliance with § 27-414.*

Valverde argues but does not assign as error that the postconviction court erred by failing to recognize the trial court's abuse of discretion in failing to comply with § 27-414 (statute governing admission of accused's commission of another offense or offenses of sexual assault in prosecution for sexual assault). To be considered by an appellate court, an appellant must both assign and specifically argue any alleged error. *State v. Huston*, 291 Neb. 708, 868 N.W.2d 766 (2015). Even if Valverde had properly assigned this as error, the issue of the trial court's

compliance with § 27-414 was thoroughly addressed on direct appeal. The Nebraska Supreme Court found no abuse of discretion by the trial court in its procedures for determining the admissibility of evidence of Valverde's prior sexual assaults. See *State v. Valverde*, 286 Neb. 280, 835 N.W.2d 732 (2013). A motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal, no matter how those issues may be phrased or rephrased. *State v. Thorpe*, 290 Neb. 149, 858 N.W.2d 880 (2015). This argument is without merit.

*Appointment of Counsel and Evidentiary Hearing*.

Valverde asserts that the district court erred by failing to appoint counsel and schedule an evidentiary hearing.

A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous. *State v. Ware*, 292 Neb. 24, 870 N.W.2d 637 (2015). An evidentiary hearing on a motion for postconviction relief must be granted when the motion contains factual allegations which, if proved, constitute an infringement of the movant's rights under the Nebraska or federal Constitution. *Id.* However, if the motion alleges only conclusions of fact or law, or the records and files in the case affirmatively show that the movant is entitled to no relief, no evidentiary hearing is required. *Id.*

Failure to appoint counsel in postconviction proceedings is not error in the absence of an abuse of discretion. *State v. Armendariz*, 289 Neb. 896, 857 N.W.2d 775 (2015). When the assigned errors in a postconviction petition before the district court contain no justiciable issues of law or fact, it is not an abuse of discretion to fail to appoint counsel for an indigent defendant. *Id.*

As discussed above, Valverde's claims on appeal are without merit. The district court did not err by failing to appoint counsel or hold an evidentiary hearing.

CONCLUSION

The district court did not err in failing to appoint counsel, in failing to hold an evidentiary hearing, or in dismissing Valverde's motion for postconviction relief.

AFFIRMED.